IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

                Plaintiff,

vs.                                           No. 10-CR-1660 JB

TRACY MARTINEZ,

                Defendant.

## ORDER DENYING DEFENDANT'S MOTION TO MODIFY CONDITIONS OF RELEASE

THIS MATTER is before the Court on Defendant Tracy Martinez's ("Martinez") Motion to Modify Conditions of Release [Doc. 68]. The motion is opposed by the United States [Doc. 69]. The Court considered the motion and response and determines that oral argument is not necessary.

### Background

Martinez was indicted by a Grand Jury for violations of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), distribution of heroin, and 18 U.S.C. § 2, aiding and abetting [Doc. 2].

On the date of her detention hearing, the Honorable Don J. Svet determined that the statutory presumption under 18 U.S.C. § 3142 was not overcome, and that Martinez posed a danger to the safety of the community and risk of flight [Docs. 34, 35].

Martinez remains in the custody of the United States and resides at the Regional Correctional Center in Albuquerque, New Mexico.

### Present Motion

Martinez states that she has entered into a guilty plea pursuant to Fed. R. Crim. P. 11(c)(1)(C) and has negotiated a sentence of one year and one day. She is awaiting sentencing.

Martinez contends that since entry of the Detention Order Pending Trial, circumstances have changed in that her mother, Lorenza Martinez suffers from acute complications related to diabetes, and because of her medical condition, it is difficult for Mrs. Martinez to complete basic tasks. Further, her father, Mr. Martinez, is not able to adequately care for Lorenza Martinez, as he, too, is disabled.  Martinez contends that the primary task for caring for Lorenza Martinez falls on school-age children.  She argues that given the favorable 11(c)(1)(C) plea agreement, there is no likelihood that she will flee, and requests release to the third-party custody of her mother or, alternatively, seeks house arrest.

### United States' Response

The United States opposes the Motion to Modify and argues that Martinez was found to be both a flight risk and danger to the community.  The government notes that the Court's earlier findings of dangerousness and flight risk have not been overcome, *see* 18 U.S.C. § 3142, and that the request to release Martinez to the custody of an individual who is unable to take care of herself due to a medical condition makes it improbable that the mother could perform the duties incumbent on a third-party custodian.

### Analysis

The Court clearly understands Martinez's desire to be released to her home in northern New Mexico.  Apart from the fact that Martinez is currently incarcerated, now, during the holiday season, any individual would prefer to be in the comfort of her own home, surrounded by family and friends. The reality, however, in her post-adjudication situation means that the life Martinez enjoyed prior to the conduct charged and of which she has been convicted significantly changed her future and her ability to enjoy the activities once cherished.

Martinez is no longer presumed innocent.  She is now an adjudicated felon and, pursuant to

the plea, will be incarcerated for a year and a day.[1]  The crime to which Martinez pled is serious and

falls within the category of crimes presumed to be so dangerous that an individual will be detained

unless the presumption is overcome.  18 U.S.C. § 3142.  It is a crime that has had a particularly

debilitating impact in Rio Arriba County, New Mexico.

> New Mexico has one of the highest drug-induced death rates in the
> nation, according to a recently-released substance abuse
> epidemiology report by the state Health Department.  Rio Arriba
> County, although there were more drug deaths in populated counties
> such as Bernalillo, takes the lead in New Mexico's drug-related death
> rate by a wide margin, according to the report.
>
> * * *
>
> The report states the drug overdose rate has overtaken motor vehicle
> crashes as the leading cause of unintentional injury in New Mexico.
> The statewide drug overdose rate is 17.1 deaths per 100,000 people,
> which the report states is double the national average.  From the years
> 2002 to 2006 the report states Rio Arriba County had the second-
> highest drug-induced rate in the country.

Bill Rodgers, Rio Arriba County Overdose Rate Dips in 2009, Rio Grande Sun, Dec. 2, 2010,

http://www.riograndesun.com/articles/2010/12/04/news/doc4cf67feeac78a635000940.txt.

The Court recognizes that Martinez was neither charged with nor convicted of causing

anyone's death.  However, the kinds of drugs with which she dealt and distributed contribute to

major societal problems in northern New Mexico and serve as a scourge on the community.

While the desire to go home to care for aged and ailing parents is natural and understandable,

the Court believes that Martinez has simply not overcome the presumption of detention under 28

U.S.C. § 3142.  The business in which she engaged was dangerous and her conviction means that

---

[1]The Fed. R. Civ. P. 11(c)(1)(C) plea is subject to the Court's acceptance or rejection.

life as she knew it prior to engaging in these activities will no longer be the same.  The activities that she may be desirous of doing, i.e., caring for and assisting ailing parents, cannot occur until she serves the sentence for which she bargained.

The Court determines that Martinez's motion for modification of detention order is not well-taken and is DENIED.

IT IS SO ORDERED.

*Lorenzo F. Garcia*
_____
Lorenzo F. Garcia
United States Magistrate Judge